# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2395 | **DATE** | 12/28/2001 |
| **CASE TITLE** | Maurilio Alvizo vs. Metro Ford Sales & Service, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 2/14/2002 at 10:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Metro's motion to dismiss Count IV (15-1) is denied in its entirety. Ford's motion to dismiss Count VII, (12-1 & 16-1) is partially granted to the extent it frees Ford of potential liability of conversion of Alvizo's "vehicle stickers."

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 03 2002 | |
| | Notified counsel by telephone. | date docketed | 35 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/28/2001 | |
| | | date mailed notice | |
| GL | courtroom deputy's initials | GL | |
| | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

MAURILIO ALVIZO,            )
                            )
        Plaintiff,           )
                            )
    v.                       )
                            )   No. 01 C 2395
METRO FORD SALES & SERVICE, INC.,
and FORD MOTOR CREDIT COMPANY,
                            )
        Defendants.          )

DOCKETED
JAN 0 3 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Maurilio Alvizo has brought a nine count complaint against Metro Ford Sal[es &] Service, Inc. ("Metro") and Ford Motor Credit Company ("Ford") arising from Alvizo's Oct[ober] 4, 2000 purchase of an apparently defective 1998 Ford Taurus. Defendant's Metro and [Ford] have brought motions to dismiss count IV and count VII, respectively.

## BACKGROUND

The following facts are taken from Alvizo's complaint and are assumed to be true for the purpose of deciding the motions. On October 4, 2000, Alvizo purchased a used 1998 Ford Taurus from Metro. At the time of purchase, Metro informed Alvizo that the vehicle was in good mechanical condition and had no mechanical problems or defects. To purchase the car, Alvizo consummated a Vehicle Retail Instalment Contract which provided for a down payment of $1000 plus 60 monthly payments of $323.95. The total amount financed was $14,985. Over the next four months, Alvizo was forced to bring the vehicle back to Metro four times for various mechanical repairs. Apparently disgusted with the condition of the vehicle, Alvizo returned the Taurus to Metro on March 1, 2000 and revoked his acceptance of the vehicle because it was defective and non-conforming. Alvizo also rescinded the transaction on grounds of fraudulent inducement and language fraud. The car is currently in the possession of Metro.

1

Of Alvizo's nine count complaint, only two are at issue here. Count IV alleges a violation of the Illinois Credit Services Organization Act in that Metro and Ford are liable to Alvizo for their failure to comply with the various requirements of the Act. Metro has requested that we dismiss count IV as it pertains to Metro. Count VII is a claim of conversion against Metro and Ford in that Metro has refused to return the license plates and vehicle stickers attached to the vehicle now in Metro's possession. Ford has requested that we dismiss count VII as it pertains to Ford.

ANALYSIS

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied*, 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Federal question jurisdiction is proper as this case arises under the Federal Odometer Act and the Truth in Lending Act. Supplemental jurisdiction over the state law counts at issue in this opinion is proper under 28 U.S.C. § 1367.

Count IV – Credit Services Organization Act

In count IV of his complaint, Alvizo alleges that Metro violated the Credit Services Organization Act ("CSOA"), 815 ILCS 605/1 *et seq.* In its motion to dismiss, Metro argues that a car dealership is not a "credit service organization" as defined by the Act, and therefore Metro should not be held liable for any alleged violations. Alvizo argues that car dealerships should be considered "credit service organizations" under the CSOA and relies on the authority

of the Illinois Appellate Court in *Midstate Siding & Window Co., Inc. v. Rogers,* 309 Ill.App.3d 610 (Ill. App. Ct. 1999). While the Illinois Supreme Court has recently granted leave to appeal the *Midstate* decision and has heard oral arguments on the case, it has not yet issued its decision. As such, the Illinois Supreme Court has yet to provide authoritative guidance on this issue.

A federal court applying state law must attempt to resolve the issues as if it were the highest court of the state that provides the state law. *Stephan v. Rocky Mountain Chocolate Factory, Inc.,* 129 F.3d 414, 416-17 (7th Cir. 1997). Moreover, decisions by intermediate state appellate courts are not necessarily binding or authoritative in federal court. *Knoblauch v. DEF Express Corp.,* 86 F.3d 684, 687 (7th Cir. 1996).

Upon our review of the statute and the *Midstate* opinion, we agree with the decision of two other judges in this district that, without guidance from the Illinois Supreme Court, the most prudent course of action is to deny a motion to dismiss based upon Metro's interpretation of the statute. *See Harris v. River View Ford, Inc.,* No. 00 C 8129, 2001 WL 1191188 (N.D.Ill. Oct. 4, 2001) (Darrah, J.); *Harris v. Castle Motor Sales, Inc.,* No. 00 C 5455, 2001 WL 477241 (N.D.Ill. May 7, 2001) (Hibbler, J.). *But see Fogle v. William Chevrolet/Geo, Inc.,* No. 99 C 5960, 2000 WL 1129983 (N.D.Ill. Aug. 9, 2001) (Holderman, J.). The Illinois Supreme Court's eventual decision on this issue could be dispositive. It would thus be imprudent to dismiss this count when clear guidance on the issue is imminent. Should the Illinois Supreme Court decide *Midstate* in a way that supports Metro's position, Metro could revisit this issue on summary judgment. Accordingly, at this time we deny Metro's motion to dismiss count IV.

Count VII – Conversion

In count VII of his complaint, Alvizo alleges that Metro and Ford have converted his personal property – specifically, the vehicle license plates and stickers on the Ford Taurus now in Metro's possession. Repeated attempts by Alvizo to obtain the plates and stickers from

3

Metro have been unsuccessful. Ford has asked that we dismiss this count as to it because it should not be held liable for the actions of Metro.

According to Alvizo, Ford's liability for the actions of Metro is based upon the FTC holder rule, as it is set forth in a separate provision of the Vehicle Retail Installment Contract. That provision states in full that:

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Ford argues that it should not be held liable under this provision on the ground that the FTC holder rule does not apply to the conversion of Alviso's property because that property was not obtained pursuant to the vehicle sales contract. Alvizo, on the other hand, points to the terms of the contract itself that specifically mention $80.00 paid "To Public Officials ... for license, title & registration fees." Complaint, Ex. B. As such, according to Alvizo, Ford would be liable for conversion under the FTC holder provision because the license plates were obtained pursuant to the sales contract.

It is clear that the license plate was obtained pursuant to the vehicle sales contract. The contract's terms specifically mention money paid in consideration for obtaining the license plates on Alvizo's behalf. However, the vehicle "stickers" in question were not obtained pursuant to the contract.[1] As such, Ford could not be held liable for Metro's conversion of the stickers (if such conversion were proved). Count VII is dismissed as to Ford to the extent it alleges Ford's liability for conversion of the vehicle stickers, but the allegation of conversion of the license plates will stand.

## CONCLUSION

---

[1] Alvizo has not described what kind of "stickers" are on the car. We assume, for the purpose of this ruling, that the "stickers" mentioned by Alvizo are the sort not related to his license plate or vehicle registration (e.g. parking permit, etc.). If, however, the sticker he refers to is the date sticker placed on the license plate to signify current vehicle registration, then that sticker is deemed part of the license plate for the purpose of this ruling.

4

In sum, Metro's motion to dismiss count IV is denied in its entirety. Ford's motion to dismiss count VII, however, is partially granted to the extent it frees Ford of potential liability for conversion of Alvizo's "vehicle stickers."

It is so ordered.

_____
MARVIN E. ASPEN
United States District Judge

Dated: 12/28/01

5